UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>   Plaintiff<br><br>v.<br><br>CYNTHIA GREEN, et al.,<br><br>   Defendants | Case No.: 3:23-cv-00271-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 32 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF Nos.32, 32-1 to 32-7, 34-1.) Plaintiff did not file a response, despite being given an extension of time. (*See* ECF No. 38.)

After a thorough review, it is recommended that Defendants' motion be granted.

**I. BACKGROUND**

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se when he filed this civil rights action pursuant to 42 U.S.C. § 1983. He was subsequently released from prison.

The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against defendants Cynthia Green, Cynthia Purkey[1], and Skyler Harrington based on allegations that Plaintiff was denied

---

[1] Mistakenly named by Plaintiff as Purkey.

life-saving dialysis treatment, and called a "man-down" emergency when he was suffering severe symptoms. Instead of providing an adequate medical review, Plaintiff claims he was accused of lying in order to go to the hospital and denied treatment. (ECF No. 6.)

Defendants move for summary judgment. They argue Plaintiff failed to exhaust administrative remedies, and they are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

*Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

(quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id*. at 1168. Once a defendant shows that the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively

4

unavailable to him." *Id*. at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).

Exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id*. (emphasis in original) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford,* 548 U.S. at 90). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

To exhaust administrative remedies within NDOC, inmates must comply with the grievance process set forth in Administrative Regulation (AR) 740, which requires the completion of a grievance through three levels: informal, first and second. (ECF No. 32-3.)

On September 17, 2022, Plaintiff filed an informal level grievance, number 2006-31-43007, which relates to the allegations proceeding in this action. There is writing in the top left-hand margin of the first page of the informal level grievance. (ECF No. 32-2 at 7-13.)

Jessica Rambur sent Plaintiff an improper grievance memorandum dated October 19, 2022, stating that it is considered an abuse of the grievance procedure when an inmate modifies a grievance document by writing in the margins. The memorandum also noted the specific claim or incident was previously filed by Plaintiff. The date of the witness signature on the form is blacked out, with the date of December 13, 2022 written in its place. (ECF No. 32-2 at 5.)

On December 13, 2022, he filed another informal level grievance, stating the administrative claim form was attached, and he stood by all statements and claims made in the original informal level grievance. (ECF No. 32-2 at 2.)

Henley responded with an improper grievance memorandum dated January 9, 2023, noting that Plaintiff blacked out the dates on his grievance form to reflect a different date from when they were originally signed. The caseworker asked the grievance coordinator to speak with Plaintiff on December 6, 2022. Plaintiff was seen for his "monthly AD-SEG review" on December 12, 2022, and was told the grievance coordinator would come speak with Plaintiff and the dates on the grievance could be adjusted, but Plaintiff needed to wait to speak to the grievance coordinator. Plaintiff did not wait, and he adjusted the dates himself. The grievance was therefore considered abandoned, and Plaintiff was instructed to not re-submit the grievance. (*Id*. at 18.)

AR 740 provides that alteration of a grievance form constitutes an abuse of the grievance procedure, which results in a grievance not being accepted. (ECF No. 32-3 at 7-8.)

According to the evidence presented by Defendants, Plaintiff altered both his original informal level grievance as well as the improper grievance memorandum received in response to the informal level grievance when he blacked out the dates and wrote in new dates. This constitutes an abuse of the grievance procedure under AR 740. As such, Plaintiff's grievance was not accepted, and Plaintiff cannot be said to have properly exhausted administrative remedies before filing this action.

Plaintiff did not oppose the motion to present evidence that he did properly exhaust administrative remedies or that administrative remedies were unavailable to him. Therefore, Defendants' motion for summary judgment should be granted.

6

In light of this conclusion, the court need not reach Defendants' other arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 32).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 18, 2025

_____
Craig S. Denney
United States Magistrate Judge