UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMES EDWARD SCOTT, III, | Case No.: 3:23-cv-00271-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CYNTHIA GREEN, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff James Edward Scott, III, formerly incarcerated in the custody of the Nevada Department of Corrections at Northern Nevada Correctional Center, filed a civil rights complaint under 42 U.S.C. § 1983 against prison officials for the denial of dialysis treatment. (ECF No. 1-1.) The Court allowed him to proceed on an Eighth Amendment deliberate indifference to serious medical needs claim against Cynthia Green, Cynthia Purkey, and Skyler Harrington. (ECF No. 6.) Defendants subsequently filed a motion for summary judgment ("Motion") (ECF No. 32) asserting that Scott failed to exhaust his administrative remedies and arguing that they are entitled to qualified immunity.[1] (ECF Nos. 32, 34.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 40), recommending the Court grant the Motion. (ECF No. 40 at 2, 7.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and

---

[1] Plaintiff failed to file a response. Defendants filed a motion to supplement (ECF No. 33).

recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Denney recommends the Court grant the Motion because Scott improperly altered grievance documents in violation of Administrative Regulation ("AR") 740[2] and, thus, failed to properly exhaust administrative remedies. (ECF No. 40 at 6.) Judge Denney points out that Scott failed to present any evidence in opposition demonstrating otherwise or showing that such remedies were unavailable to him. (*Id.*) Moreover, the Court agrees with Judge Denney that, considering this conclusion, it need not address Defendants' qualified immunity argument. (*Id.* at 7.) Having reviewed the R&R, Judge Denney did not clearly err.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 40) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 32) is granted based on Plaintiff's failure to exhaust his administrative remedies.

DATED THIS 5th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]AR 740 governs the inmate grievance process and sets forth the procedure inmates must comply with to properly exhaust administrative remedies. (*See* ECF No. 40 at 5.)